UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                             :
:
  -v-                                                :
:                    23 Cr. 210 (JPC)
RICHARD DAVID GUERRERO-FAJARDO,                      :
:                    MEMORANDUM OPINION
           Defendant.                                :        AND ORDER
:
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      The United States Probation Office has requested that the Court terminate Defendant Richard David Guerrero-Fajardo's term of supervised release, which is scheduled to conclude on September 30, 2026. The Court then received submissions from the Government and Defendant with their views on the request. For reasons that follow, the request is denied without prejudice to renewal at a later point of Defendant's period of supervision.

## I. Background

      On June 25, 2021, Defendant was sentenced in the United States District Court for the District of Puerto Rico to a term of imprisonment of sixty months, followed by a five-year period of supervised release. *United States v. Guerrero*, No. 16 Cr. 526 (FAB) (D.P.R. June 25, 2021), Dkt. 868 ("Judgment") at 2-3. Defendant's sentence followed his conviction for conspiracy to possess with intent to distribute five kilograms and more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). *Id.* at 1. From in or around 2009 through December 2013, Defendant participated in a conspiracy to send cocaine from Puerto Rico to New York via couriers who transported narcotics-filled suitcases on commercial flights. Presentence Investigation Report ("PSR") ¶ 7. Upon arriving in New York, the couriers delivered the drugs to other members of the conspiracy, including Defendant, who in turn sold and distributed the drugs in the New York

area.  *Id.*  In his plea agreement with the Government, Defendant stipulated that his offense involved at least 15 kilograms, but less than 50 kilograms, of cocaine.  *Id.* ¶¶ 3, 8.

After completing his term of incarceration, Defendant commenced supervised release on or about October 1, 2021.  Because Defendant resides in the Bronx, he has been supervised by the Probation Office in this District.  On April 24, 2023, jurisdiction over Defendant's supervised release was assigned to the undersigned.  *See* Dkt. 1.  On May 9, 2024, the Court received from the Probation Office a request for early termination of Defendant's supervised release.  The Probation Office explains that Defendant "has made a positive adjustment to supervised release as evidence by his continued compliance with the conditions of his supervised release" and that "[h]e has proven that he has the ability to self-manage and live a law-abiding life."  The Court solicited submissions from the parties with their positions.  Dkts. 5, 8.  The Government filed its letter on June 14, 2024, expressing its opposition to early termination of Defendant's supervised release.  Dkt. 7.  On July 25, 2024, Defendant submitted a letter asking the Court to grant early termination so he "can travel freely among [his] family and be a more significant presence in their lives."  Dkt. 9 ("Deft. Ltr.") at 1.

## II. Discussion

Pursuant to 18 U.S.C. § 3583(e)(1), "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  But "[e]arly termination is not . . . warranted as a matter of course."  *United States v. Rosario*, No. 17 Cr. 27 (LTS), 2023 WL 7305260, at *2 (S.D.N.Y. Nov. 6, 2023) (internal quotation marks omitted).  Section 3583(e)(1) allows a district judge to terminate a defendant's supervised release early "to account for new or unforeseen

circumstances." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (per curiam) (explaining that "new or changed circumstances relating to the defendant" are not necessarily required to modify conditions of supervised release; "So long as the court, when modifying supervised release conditions, considers the relevant 18 U.S.C. § 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." (citing *Lussier*, 104 F.3d at 36, among other cases)). "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36.

The Court declines to terminate early Defendant's period of supervised release. Several Section 3553(a) factors, including the nature and circumstances of the offense, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to protect the public from further crimes committed by Defendant, *id.* § 3553(a)(2)(C), strongly counsel against early termination. Defendant committed an extremely serious offense that involved distributing largely quantities of a dangerous and deadly drug in the New York area. As a general matter, the importance of supervised release for an individual returning to society after being incarcerated for such an offense is evident; in fact, Congress has determined that Defendant's offense necessitates a mandatory minimum term of supervised release of five years. *See* 21 U.S.C. § 841(b)(1)(A).

In addition, the need for supervised release to achieve deterrence and to protect the public from future crimes is especially compelling in this case. Defendant's criminal history includes another felony conviction for distributing a dangerous and deadly narcotic. On March 5, 2004,

Defendant was sentenced in the Southern District of Florida to 120 months' imprisonment followed by five years of supervised release for conspiracy to distribute one kilogram and more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  PSR ¶ 28; *see United States v. Guerrero*, No. 03 Cr. 20518 (PAS) (S.D.F.L. Mar. 5, 2004), Dkt. 30 (judgment).[1]  Particularly troubling is that Defendant committed the underlying drug offense in this case while he was on supervised release for that prior federal drug conviction.  PSR ¶ 28.

Further, while the Court commends Defendant for complying with the conditions of his current supervision and for his overall progress since being released from custody—including by successfully gaining employment, enrolling in online classes, not incurring any new arrests, and producing negative drug tests—such compliance is expected of one under supervision.  *United States v. Wheeler*, No. 20 Cr. 492 (GHW), 2023 WL 4561591, at *1 (S.D.N.Y. July 17, 2023) ("Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." (quotations omitted)); *accord, e.g.*, *United States v. Scarpa*, No. 18 Cr. 123 (CBA), 2024 WL 1886681, at *1 (E.D.N.Y. Apr. 30, 2024); *Rosario*, 2023 WL 7305260, at *3; *United States v. Auerbach*, No. 19 Cr. 607 (PKC), 2023 WL 4600065, at *1-2 (E.D.N.Y. July 18, 2023).  Compliance with release conditions does not, by itself, provide a basis for early termination of supervised release.

Nor is there any reason to conclude that the conditions of Defendant's supervised release have imposed unusual burdens on him or otherwise interfered with his ability to adjust to society.  Defendant largely requests that his supervised release be terminated so he can have greater flexibility in visiting family members who live in other states and so he can travel with his mother to the Dominican Republic.  Deft. Ltr. at 1.  The conditions of Defendant's supervised release,

---

[1] On March 16, 2007, Defendant's sentence in his Southern District of Florida case was reduced to seventy months' imprisonment pursuant to Rule 35 of the Federal Rules of Criminal Procedure.  PSR ¶ 28; *see Guerrero*, No. 03 Cr. 20518 (PAS) (S.D.F.L. Mar. 16, 2007), Dkt. 46.

however, permit him to travel outside of this District after receiving permission from the Court or his Probation Officer. *See* Judgment at 4 (Standard Condition 3: "You must not knowingly leave the federal judicial district where you are authorized to reside *without first getting permission from the court or the probation officer*." (emphasis added)). While securing this travel authorization may cause some inconvenience to Defendant, it is not an unusual or unreasonable burden, particularly in light of the aforementioned compelling reasons for supervised release to remain in place.

### III. Conclusion

According, the Court declines to terminate Defendant Richard David Guerrero-Fajardo's period of supervised release. This denial is without prejudice to the Probation Office, Defendant, or the Government making another application for early termination in the future if appropriate.

SO ORDERED.

Dated: August 23, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

5